Borelli v. Bisignano

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 1st day of October, two thousand twenty-five.

PRESENT:
> REENA RAGGI,
> RICHARD C. WESLEY,
> MYRNA PÉREZ,
> *Circuit Judges.*

———————————————————————

JASON BORELLI,

> *Plaintiff-Appellant,*

> v.                                                     No. 24-3077

FRANK BISIGNANO, COMMISIONER OF THE SOCIAL SECURITY ADMINISTRATION,

> *Defendant-Appellee.*

———————————————————————

1

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | CHRISTOPHER JAMES BOWES, Shoreham, NY. |
| **FOR DEFENDANT-APPELLEE:** | PADMA GHATAGE, Special Assistant U.S. Attorney, SUZANNE M. HAYNES, Acting Associate General Counsel, Office of the General Counsel, Social Security Administration *for* DAVID X. SULLIVAN, United States Attorney for the District of Connecticut, New Haven, CT. |

Appeal from a judgment of the United States District Court for the District of Connecticut (Dooley, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the August 26, 2024 judgment of the District Court is **AFFIRMED**.

Plaintiff-Appellant Jason Borelli appeals the District Court's judgment on the pleadings in favor of Defendant-Appellee the Commissioner of Social Security (the "Commissioner"), which upheld the Commissioner's April 27, 2016 finding that Borelli was not disabled, and therefore, not entitled to benefits. *See Jason B. v. O'Malley*, No. 22-CV-1662, 2024 WL 3875939, at *5 (D. Conn. Aug. 20, 2024). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues on appeal, which we reference only as necessary to explain our decision to affirm.

## I. Standard of Review

"On an appeal from the denial of disability benefits, we focus on the administrative ruling rather than the district court's opinion." *Estrella v. Berryhill*, 925 F.3d 90, 95 (2d Cir. 2019) (internal quotation marks and citation omitted). "[W]e 'review

2

the administrative record *de novo* to determine whether there is substantial evidence supporting the Commissioner's decision and whether the Commissioner applied the correct legal standard.'" *Zabala v. Astrue*, 595 F.3d 402, 408 (2d Cir. 2010) (quoting *Machadio v. Apfel*, 276 F.3d 103, 108 (2d Cir. 2002)). "In determining whether the agency's findings were supported by substantial evidence, 'the reviewing court is required to examine the entire record, including contradictory evidence and evidence from which conflicting inferences can be drawn.'" *Selian v. Astrue*, 708 F.3d 409, 417 (2d Cir. 2013) (quoting *Mongeur v. Heckler*, 722 F.2d 1033, 1038 (2d Cir. 1983) (per curiam)). Once the Administrative Law Judge ("ALJ") makes factual findings, "we can reject those facts only if a reasonable factfinder would *have to conclude otherwise*." *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 448 (2d Cir. 2012) (internal quotation marks and citation omitted).

## II.     Discussion

### A.  Record Development

First, the Court disagrees with Borelli's contention that the ALJ failed to develop the record. The Social Security Act does require that the ALJ "develop a complete medical history of at least the preceding twelve months for any case in which a determination is made that the individual is not under a disability." 42 U.S.C. § 423(d)(5)(B). However, "where there are no obvious gaps in the administrative record, and where the ALJ already possesses a 'complete medical history,' the ALJ is under no obligation to seek additional information in advance of rejecting a benefits claim." *Rosa v. Callahan*, 168 F.3d

3

72, 79 n.5 (2d Cir. 1999) (quoting *Perez v. Chater*, 77 F.3d 41, 48 (2d Cir. 1996)). The applicable regulations provide, in relevant part, that the ALJ, "may choose not to seek additional evidence or clarification from a medical source if [the ALJ] know[s] from experience that the source either cannot or will not provide the necessary evidence." 20 C.F.R. § 404.1520b(b)(2)(i).

On remand, the ALJ contacted Borelli's counsel to request assistance in obtaining statements from treating sources. At a hearing before the ALJ, Borelli's counsel advised that the three treating sources refused or were unavailable to provide opinions for the record; "that additional efforts would prove fruitless," *Jason B.*, 2024 WL 3875939, at *3; and that he had submitted or notified the ALJ of all relevant evidence. The ALJ then noted that, given the treating sources' refusal and unavailability, the ALJ could not force them to complete a disability form. Borelli's counsel agreed.

The ALJ's obligation to develop the record does not require further inquiries already shown to be futile. In these circumstances, there were no "obvious gaps" to trigger any obligation to further develop the record. *Rosa*, 168 F.3d at 79 n.5. Based on a plenary review, the record before the ALJ was "adequate for [the ALJ] to make a determination as to disability." *Perez*, 77 F.3d at 48.

## B. Ability to Perform Past Work

Second, substantial evidence supports the ALJ's finding of no disability. In evaluating claims of disability, the ALJ follows a five-step process, the fourth step of

4

which is primarily at issue in this case. *Selian*, 708 F.3d at 417–18 (quoting *Talavera v. Astrue*, 697 F.3d 145, 151 (2d Cir. 2012)). In the fourth step, the ALJ must evaluate "whether, despite the claimant's severe impairment, he has the residual functional capacity to perform his past work." *Id.* The Claimant bears the burden of proof at this step. *See McIntyre v. Colvin*, 758 F.3d 146, 150 (2d Cir. 2014). Here, the ALJ determined that Borelli was able to perform his past work as a security guard because Borelli had the residual functional capacity ("RFC") to perform medium work with certain limitations.

As to Borelli's RFC, objective medical evidence and treatment notes interpreting that evidence provide substantial support for the ALJ's finding that Borelli was capable of medium work with limitations notwithstanding the evidence that Borelli may have suffered from lumbar radiculopathy, gait disturbance, obesity, and other ailments. For example, according to Borelli's treatment notes, an electromyography examination showed no evidence of radiculopathy, and two MRI exams showed no evidence of any conditions that would require more serious treatment. Additionally, the record reveals that, at various points, Borelli had a full range of motion in his extremities, full musculoskeletal strength, a normal heel and toe walk, and intact reflexes. Finally, there are several points in the record which suggest the side effects from Borelli's treatment would not interfere with his ability to perform the work proscribed. After an independent review of the record, we cannot conclude that a reasonable factfinder would have to disagree with the ALJ's conclusion as to Borelli's RFC. *See Brault*, 683 F.3d at 448.

5

Borelli's arguments to the contrary essentially ask this Court to determine that his abilities were further limited due to his pain and the side effects of his medications. But to the extent the evidence that Borelli identified might support a different conclusion, "we defer to the Commissioner's resolution of conflicting evidence." *Cage v. Comm'r of Soc. Sec.*, 692 F.3d 118, 122 (2d Cir. 2012); *see also Schaal v. Apfel*, 134 F.3d 496, 504 (2d Cir. 1998) ("It is for the [ALJ], and not this court, to weigh the conflicting evidence in the record.").

There is also substantial evidence supporting the ALJ's findings related to what the security guard job entails. The ALJ relied on the testimony of a vocational expert and on Borelli's own description of his past work to determine that Borelli was able to perform his previous job. Again, considering the evidence, we cannot conclude that a reasonable factfinder would have to disagree with the ALJ's conclusion. *See Brault*, 683 F.3d at 448. Borelli's central argument to the contrary is that the ALJ's finding is undermined by a conflict between the description of the security guard job as it is performed generally in the Dictionary of Occupational Titles (the "Dictionary")[1] and the testimony of the vocational expert. *See Lockwood v. Comm'r of Soc. Sec. Admin*, 914 F.3d 87, 92 (2d Cir. 2019) (noting the ALJ must "inquire into all those areas where the expert's testimony *seems to . . .* conflict with the *Dictionary*" (alteration in original) (internal quotation marks omitted)). But even assuming a conflict exists as to how the work is generally performed, at step

---

[1] The Court's reference to the Dictionary includes its companion publication, the Selected Characteristics of Occupations.

four, Borelli must prove *both* "an inability to return to [his] previous specific job *and* an inability to perform [his] past relevant work generally." *Jasinski v. Barnhart*, 341 F.3d 182, 185 (2d Cir. 2003). The Dictionary pertains only to the latter inquiry. *See id.* ("[T]he dictionary describes jobs as they are generally performed . . . ."). Borelli takes no issue with the ALJ's conclusion that he is able to perform his previous specific job, nor could he.

### C. Favorable Decision

Finally, the finding of disability on Borelli's subsequent application for benefits does not warrant remand. Before the ALJ issued the decision before this Court, Borelli was found disabled in relation to a separate and subsequent application for disability ("the favorable decision"). The record demonstrates that rather than reopen the favorable decision, the ALJ here decided to limit her review to the period before the onset of disability date found in that decision, thus avoiding any potential conflict. Borelli argues first that the favorable decision weighs against the ALJ's finding of no disability here, and second, that the interplay between the decisions impermissibly creates an arbitrary onset of disability date.

Neither argument prevails. As to the first argument, under substantial evidence, two ALJs may permissibly reach opposite conclusions on the same record and, certainly, on different records dealing with different time periods. *See Cage*, 692 F.3d at 127. Therefore, the favorable decision has no bearing on whether the ALJ's decision here was

7

based on substantial evidence, and despite Borelli's contention to the contrary, the ALJ had no obligation to reconcile the two decisions.[2] As to the second argument, the ALJ here made no affirmative finding of an onset of disability. *Contra Bell v. Sec'y of Dep't of Health & Hum. Servs.*, 732 F.2d 308, 311 (2d Cir. 1984).

We have considered Borelli's remaining arguments and find them to be without merit. Accordingly, we AFFIRM.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Borelli appears to argue not only that the ALJ *should* have "reconciled" the two decisions, but also that the ALJ *did*, in fact, reopen the favorable decision, which enabled her to review both records. According to Borelli, even after reviewing the evidence from both cases in full, the ALJ still picked a seemingly arbitrary onset of disability. Reply Br. at 2–6. Borelli's argument is plainly belied by the record, which shows the ALJ expressly limited her review and did not find a basis for reopening or revising the disability finding.